485 So.2d 861 (1986)
STATE of Florida, Petitioner,
v.
Warren ABELSON, Respondent.
No. 85-1583.
District Court of Appeal of Florida, Fourth District.
March 19, 1986.
Rehearing Denied April 16, 1986.
*862 Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for petitioner.
David J. Gerhardt and Joseph L. Daye, P.A., Fort Lauderdale, for respondent.
DOWNEY, Judge.
Respondent, Warren Abelson, was stopped in an organized roadblock, arrested, and subsequently charged in county court with driving while impaired and driving with an unlawful blood alcohol level. Abelson filed a motion to suppress, attacking the stop and arrest based upon lack of probable cause. The circuit court reversed the county court's denial of this motion and held that the roadblock was unconstitutional on the basis that only three of the four criteria set forth in Jones v. State, 459 So.2d 1068 (Fla. 2d DCA 1984), had been fulfilled.
The evidence adduced at the suppression hearing revealed that Abelson's arrest resulted from a roadblock planned and set up by supervisory personnel specifically to apprehend impaired drivers and planned pursuant to guidelines promulgated by the Mainline Safety Committee, a committee established by the Public Safety Project Coordinator for Palm Beach County. All vehicles were stopped in nondiscretionary sequence, and the uniformed officers were previously trained to identify themselves, explain what they were doing, request to see driver's license and registration and have the driver operate the turn signals. Traffic controls and warnings were set up, street lights were on and marked police units with their overhead lights on were positioned in the area. The motorists were detained for only a minute and a half to two minutes and the project resulted in four arrests out of one hundred and thirty-four vehicles stopped.
In light of the foregoing, we find that the roadblock in this case satisfies the criteria set forth in the recent supreme court decision of State v. Jones, 483 So.2d 433 (Fla. 1986), and therefore passes constitutional muster. Accordingly, we believe that the county court order denying Abelson's motion to suppress was correct and that the circuit court order departed from the essential requirements of law. We, therefore, grant the petition for writ of certiorari and quash the order of the circuit court.
WALDEN, J., concurs.
LETTS, J., dissents with opinion.
*863 LETTS, Judge, dissenting.
The Supreme Court version of State v. Jones, which the circuit court judge did not have the benefit of, may well establish that error was committed here. However, I cannot agree that the circuit judge's ruling rises to the level of a departure from the essential requirements of the law. I would deny certiorari.